# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SHANNON, | : | NO. 4:24-CV-00987 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security,* | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Steven Shannon's claim for disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court will vacate the decision of the Commissioner and remand to the Commissioner for further proceedings.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   BACKGROUND

### A.   Procedural History

On June 4, 2020, Shannon applied for disability benefits under Title II of the Social Security Act ("the Act"), alleging disability as of March 23, 2020. Transcript, doc. 9-3 at 17. Following an initial denial, Shannon submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). Doc. 9-4 at 19. The ALJ conducted the hearing and determined that Shannon is not disabled. Doc. 9-2 at 30, 38.

Shannon filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Shannon's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 10, 14, 15) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, doc. 7.

## B.    The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other

than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 404.1520(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 404.1520(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 404.1520(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 404.1520(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity ("RFC") allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, claimant's

"impairment(s) must prevent [him] from doing . . . past relevant work." § 404.1520(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work experience . . . [allows] adjustment to other work." § 404.1520(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* § 404.1520(g).

### C.    The ALJ's Decision

Here, the ALJ determined that Shannon "has not been under a disability, . . . from March 23, 2020, through the date of this decision." Doc. 9-2 at 30.  The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. § 404.1520(a)(4)(i)–(v); *see* Doc. 9-2 at 17-30.

At step one, the ALJ determined that Shannon "has not engaged in substantial gainful activity since March 23, 2020, the alleged onset date." Doc. 9-2 at 17. At step two, the ALJ found that Shannon has the following severe impairments: right sided hemiparesis and neurocognitive disorder/status post cerebrovascular accident, generalized anxiety disorder, major depressive disorder, and adjustment disorder. *Id.* at 18. At step three, the ALJ determined that Shannon "does not have an

impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in" 20 C.F.R. part 404, subpart P, appendix 1. *Id.* at 19.

Between steps three and four, the ALJ found that Shannon has the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except the claimant must be given the opportunity to alternate between sitting and standing every 30 minutes. The claimant is limited to occasional stooping, kneeling, crouching, and climbing on ramps and stairs, but never crawling, and never climbing on ladders, ropes, and scaffolds. The claimant must avoid unprotected heights and dangerous moving machinery. He must avoid overhead reaching with the right upper extremity. The claimant is limited to no more than occasional reaching in all other directions with the right upper extremity. He is limited to occasional handling and fingering with the right upper extremity. The claimant must avoid the use of foot controls. He must avoid concentrated exposure to dusts, fumes, gases, and other pulmonary irritants. The claimant must avoid exposure to extreme temperatures and extreme humidity. He can understand, remember, and carry out simple instructions. The claimant cannot perform assembly line work or work that requires hourly quotas. He can use judgment to make simple work-related decisions.

*Id.* at 23.

At step four, the ALJ determined that Shannon "is unable to perform any past relevant work." *Id.* at 28. At step five, the ALJ determined that considering Shannon's "age, education, work experience,

and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 29.

### D.    Issues on Appeal

Shannon raises three issues on appeal:

1.    Inadequacies in the ALJ's function-by-function assessment, and evaluation of the medical opinion evidence frustrate meaningful judicial review.

2.    The ALJ erroneously omitted a limitation to "one and two step tasks" without explanation; the residual functional capacity assessment exceeds that of all medical opinions of record.

3.    The ALJ accepted the opinion of the vocational expert over the Dictionary of Occupational Titles without explanation, in violation of SSR 00-4p.

Pl.'s Br., doc. 10 at 7.

## II.    <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D.

Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v.*

*Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Shannon is disabled, but whether the Commissioner's finding that Shannon is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the

Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.   <u>DISCUSSION</u>

The Court begins and ends its analysis with Shannon's first argument: that the ALJ failed to properly evaluate medical opinion evidence by neglecting to conduct a function-by-function analysis of Shannon's standing and walking limitations. *See* doc. 10 at 8.

An ALJ's failure to perform a function-by-function analysis alone does not require remand. *Navas v. Comm'r of Soc. Sec.*, 289 F. App'x 555, 557-58 (3d Cir. 2008); *Chiaradio v. Comm'r of Soc. Sec.*, 425 F. App'x 158, 161 (3d Cir. 2011) (finding that the ALJ's RFC limitation is supported by substantial evidence despite lacking a function by function or task by task analysis); *Garrett v. Comm'r of Soc. Sec.*, 274 F. App'x 159, 164 (3d Cir. 2008) (finding that, even though the ALJ failed to perform a function-by-function analysis, the ALJ accounted for plaintiff's testimony in an RFC analysis regarding the plaintiff's ability to sit and stand in her

prior work); *see also McKean v. Colvin*, 150 F. Supp. 3d 406, 417 (M.D. Pa. 2015) (finding that a "function-by-function" analysis for medical conditions was unnecessary where the ALJ considered limitations for which there was record support).

Moreover, "the Third Circuit has rejected the argument that simply limiting a claimant to light work amounts to a failure to define sitting, standing, and walking limitations in terms of the RFC, but rather found that such a limitation implicitly addresses these functions." *Bayarinas v. Bisignano*, No. 24-1216, 2025 WL 2550865, at *11 (M.D. Pa. Sep. 3, 2025) (Carlson, J.), citing *Navas*, 289 F. App'x at 558. In *Navas*, the Court of Appeals held that a light work RFC assessment implies that a claimant can work a job that involves "a good deal of walking or standing," or a job that "involves sitting most of the time with some pushing and pulling or leg controls." 289 F. App'x at 559, citing 20 C.F.R. § 404.1567(b). Put differently, a determination of "light work" in the RFC implies a standing and walking limitation for a total of six hours in an eight-hour workday. *Bayarinas*, 2025 WL 2550865 at *11; *Good v. Bisignano*, No. 24-1158, 2025 WL 2486014, at *14 (M.D. Pa. Aug. 28, 2025) (affirming ALJ's RFC

determination "even where the ALJ did not discuss a claimant's ability to sit, stand, or walk individually.").

But here, the ALJ's decision does require remand because the Court cannot determine how the ALJ reconciled countervailing medical opinion evidence in crafting the RFC. *See Mason*, 994 F.2d at 1064, quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("A single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve, a conflict created by countervailing evidence."). To be clear, the ALJ did not err by simply limiting Shannon to light work without providing a function-by-function analysis. *See Navas*, 289 F. App'x at 557-58; *Chiaradio*, 425 F. App'x at 161. Instead, the ALJ erred by failing to reconcile Dr. Smith's persuasive opinion which limited Shannon to a standing and walking limitation of a total of four hours with light work, which implies a standing and walking limitation of a total of six hours. *See Bayarinas*, 2025 WL 2550865 at *11; *Good*, 2025 WL 2486014, at *14. Even though the ALJ found Dr. Smith's opinion persuasive, the ALJ did not include Dr. Smith's four-hour standing and walking limitation in Shannon's RFC. Doc. 9-2 at 23.

Page 12 of 14

Instead, the ALJ added an opportunity to alternate between sitting and standing every thirty minutes, a limitation unsupported by any record evidence cited by the ALJ and which does not explain the ALJ's decision to exclude the four-hour standing and walking limitation supported by the medical evidence he found persuasive. *Id.* At bottom, the ALJ should have explained further under the circumstances because the Court cannot infer or assume the ALJ's exclusion of a limitation that he found persuasive was intentional.[2] Therefore, the Court will remand for the ALJ to clarify this discrepancy and make plain his intent and reasoning. *See Carter v. Apfel*, 220 F. Supp. 2d 393, 398-99 (M.D. Pa. 2000) (remanding where an ALJ gave a claimant an RFC for light work activity when the ALJ's finding was based on medical opinion evidence which assessed a standing and walking limitation of four hours).[3]

---

[2] Likewise, the Court recognizes that, in one interpretation, an opportunity to alternate between sitting and standing every thirty minutes may result in standing or walking no more than four hours in an eight-hour work day. But the limitation is ambiguous and could be interpreted to provide only a temporary opportunity, meant to allow a short respite from standing. The ALJ must clarify.

[3] The Court does not address Shannon's remaining arguments. "A remand may produce different results on these claims, making discussion of them moot." *Handwerk v. Kijakazi*, 692 F. Supp. 3d 458, 471 (M.D. Pa. 2023), quoting *Burns v. Colvin*, 156 F.Supp.3d 579, 598 (M.D. Pa. 2016).

## IV.    <u>CONCLUSION</u>

Accordingly, the Commissioner's decision will be **VACATED**, and the case **REMANDED** to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence pursuant to sentence four of 42 U.S.C. § 405(g).

An appropriate order follows.

Date: March 26, 2026                        <u>s/*Sean A. Camoni*</u>
                                            Sean A. Camoni
                                            United States Magistrate Judge